OPINION
Justin Turner was indicted on counts of possession of crack cocaine and possession of criminal tools.
After his motion to suppress evidence was overruled, Turner entered a plea of no contest to possession of crack cocaine and the possession of criminal tools charge was dismissed. After receiving a presentence investigation report, the trial court imposed a sentence of two years incarceration and a two-year driver's license suspension.
Turner filed a notice of appeal and counsel was appointed to prosecute the appeal. On June 11, 2002, appointed appellate counsel filed anAnders brief pursuant to Anders v. California (1966), 386 U.S. 738
indicating that after her review of the record, she was unable to identify any potentially meritorious issues for appellate review.
On June 28, 2002, by decision and entry, a copy of which was served upon Turner, we notified Turner that his counsel had filed an Anders brief and of the significance of the Anders brief and indicated that Turner should file any pro se assignments of error within sixty days of June 28. Turner has not filed a pro se brief with this court.
Appointed appellate counsel suggested a possible assignment of error having to do with whether the trial court properly ruled upon Turner's motion to suppress evidence.
The trial court had partially sustained the motion to suppress by suppressing certain statements Turner had given to the police without the benefit of Miranda warnings, but overruled the motion to suppress as it related to cocaine taken from Turner's person and a set of scales taken from his automobile upon which the police performed an inventory search prior to impounding it.
We have reviewed the record as it relates to the motion to suppress and are well satisfied that the court properly ruled upon that motion. Pursuant to our obligation under Anders to independently review the entire record, we have undertaken to do so.
Having independently reviewed the record, we agree with the assessment of appointed appellate counsel that there are no potentially meritorious issues for review, that this appeal is wholly frivolous, and that the judgment should be affirmed.
GRADY, J. and YOUNG, J., concur.